# Richmond.

## DAY v. NATIONAL MUTUAL BUILDING AND LOAN ASSOCIATION AND OTHERS.

### DECEMBER 1, 1898.

Absent, Riely and Cardwell, JJ.

1. BUILDING ASSOCIATION—*Principal and Agent—Statements of Agent.*—A building fund association is not bound by the statement of a local agent as to the amount of the balance due on a loan in his locality, where it appears that his agency was limited to the duty of receiving and receipting for premiums and dues payable to the association by its members in that locality.

2. PRINCIPAL AND AGENT—*Unauthorized Agent—Ratification.*—If a principal adopts the act of an unauthorized agent, or if, with knowledge of the facts, he accepts the benefit of such act, he will be estopped to deny the agent's authority. But ratification rests upon and implies knowledge of the principal.

3. PRINCIPAL AND AGENT—*Unauthorized Statements by Agent—Enforcement of Lien—Personal Decree.*—A principal who holds a lien on real estate which has been purchased by one who has assumed the payment of the lien is not bound by the undisclosed statements of an agent, acting beyond the scope of his agency, made to such purchaser before his purchase, as to the amount of the balance due on the lien, and, in a suit by the purchaser against the principal, to enjoin the enforcement of the lien, a *mere prayer* in the answer of the principal for a personal decree against the purchaser for any balance that may remain after exhausting the real estate, does not operate, by estoppel or otherwise, to prevent the principal from denying the agency.

Appeal from a decree of the Hustings Court of the city of Roanoke pronounced March 2, 1897, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Hoge & Hoge* and *Scott & Staples*, for the appellant.

*Cocke & Glasgow*, for the appellee.

KEITH, P., delivered the opinion of the court.

The facts to be considered in this case are as follows:

William J. and L. Blair subscribed to certain shares of the National Mutual Building and Loan Association, and obtained upon them a loan of $3,500, and gave a deed of trust upon real estate to secure the amount, to be repaid in monthly instalments. After making numerous payments upon this loan, they sold the property to Davis and Bumberger, who, with the knowledge and consent of the Association, assumed to pay the amount unpaid upon the loan. Bumberger and Davis subsequently sold the property to the appellant, V. L. Day, for the sum of $6,000. Before making this purchase, appellant applied to Edward White, the collecting agent of the Association, to ascertain the balance due upon the loan originally made to the Blairs; and her contention is, that the balance was reported to her by White as $2,384.50, which she assumed to pay the Association, and paid to Bumberger and Davis the sum of $3,615.50. Some question having arisen after the payments were made to Bumberger and Davis as to the amount due the Building Association in order to satisfy its loan, Edward White, as he states, at the request of Mrs. Day, on November 3, 1892, addressed a letter to the secretary of the Association in New York, and as a result of the correspondence thus begun, the secretary, on November 12 of that year, wrote to Mrs. Day informing her in detail upon the whole subject as to the sum necessary to be paid in order to satisfy the demands of the Association with respect to the loan secured upon the real estate purchased by her. Mrs. Day continued to pay all dues and assessments to the Association upon the stock originally issued

to the Blairs, making in all thirty-six payments of $56.00 each, aggregating the sum of $2,016.00. At her request, in October, 1894, a statement was made to her by the Association showing that there was still a balance due, in order to satisfy the loan of $2,153.25. Appellant refused to make any further payment, and in July, 1895, filed a bill in which she asked for relief upon several grounds, all of which were rejected by the Hustings Court, and a decree rendered directing the sale of her property unless she, or some one for her, should pay to the Association the sum of $2,690.84.

Appellant claims in this court that there is error in this decree because she purchased the property after being informed by the agent of the Association that the balance due to it was $2,384.50. White was the collecting agent of the Building and Loan Association. His duty was to receive and receipt for premiums and dues payable to the Association by its members in the city of Roanoke. His agency was limited to those subjects, and he had no power to make the statement attributed to him, and the Association is not bound by it, even assuming that he made it. But it is claimed that the Association has accepted the benefit of the transaction into which the appellant was induced to enter by reason of the act of its agent, and is estopped to deny his authority. It is true that the act of an unauthorized agent may be adopted by the principal, or if, with knowledge of the facts, the principal accepts the benefit of such act, he will be estopped to deny the agent's authority. But ratification rests upon and implies knowledge on the part of the principal, and there is nothing to show that the Association had any knowledge of the alleged act of its agent prior to the institution of this suit. It knew that appellant had purchased the property upon which the payment of the debt due to it was secured. It knew that premiums and dues had been paid to it by appellant upon that stock; but there is no evidence that it had any knowledge of the representations which its agent is alleged to have made.

The whole matter, however, is set out in the bill, and to that bill the Association filed its answer, in which it asks that the property upon which it has a lien may be sold, the proceeds of sale applied to the debt due it, and that for the balance, if any, it may have a personal decree against the appellant. It is this prayer for a personal decree that is chiefly relied upon by the appellant as binding the Association to make good the representations alleged to have been made on its behalf by White. In support of this contention the case of *Owens* v. *Boyd Land Co.,* 95 Va. at p. 560 is cited. That case illustrates the familiar principle that where a person seeks to take the benefit by suit or otherwise of a contract made on his behalf by an unauthorized agent, he must assume the burden with the benefit. Owens was sued by the Boyd Land Co. to recover the amount of subscription to its stock. He pleaded certain false representations made to him as having induced him to subscribe. The Association denied the agency of him by whom the representations were made, but, as it was seeking to enforce the contract thus procured, it was held to be bound by the representations which induced the defendant to enter into it. This is no such case. Appellant bought real estate bound by a lien to the appellee, and assuming that its collecting agent made the statement attributed to him, and that it induced the appellant to make the purchase, and assume the payment of the debt, yet the result for which appellant contends does not follow. Appellee is not bound by the unauthorized act of White of which it was ignorant, and the prayer for a personal decree does not operate by way of estoppel or otherwise to prevent the appellee to deny the agency. There was no fraud on its part, and no injury results to the appellant by reason of the prayer which has not been granted. It is more than likely that the proceeds of sale will satisfy the demand of appellee, in which case the question will never arise. If, however, the proceeds of sale prove insufficient, and the company seeks to enforce the personal liability, it will then

be time to enquire if the representation in fact was made, and, if so, whether the company was bound by it. The appellee has asked for relief which has not been granted, and to which it may be shown not to be entitled, if it ever comes to be a living issue. If it had not asked for the personal decree there would be no ground upon which to controvert its enforcement of the lien upon property bound by it, and it would be strange indeed if a rejected prayer should be found efficacious to defeat an otherwise incontestable right.

We are of opinion that there is no error in the decree complained of, and it is affirmed.

*Affirmed.*